UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Carim Cruz,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>United States Government, Homeland Security,<br><br>　　　　　Defendants | Case No. 2:25-cv-00364-JAD-DJA<br><br>**Order Overruling Objection and Adopting Report and Recommendation**<br><br>ECF Nos. 1, 3, 4, 6 |

On 4/16/25, the magistrate judge entered this report and recommendation [ECF 4]:

　　Carim Cruz initiated this action with a document titled "request for expedited judicial order of removal," which the Court liberally construes as a petition for writ of mandamus. (ECF No. 1). About a month later, Cruz filed an application to proceed *in forma pauperis*. (ECF No. 3). His application is largely complete. But the Court cannot provide the mandamus relief that Cruz seeks. So, the Court recommends denying Cruz's application to proceed *in forma pauperis* as moot and closing this case.

**I.　Discussion.**

　　Cruz does not initiate this case with a complaint. Instead, he has initiated it with a "request for expedited judicial order of removal" asking the Court to order him to be deported back to his home country of Belize under 8 U.S.C. § 1225, 8 U.S.C. § 1228, "the new presidential administration executive order," and the Laken Riley Act. The Court liberally construes Cruz's request as a petition for a writ of mandamus under 28 U.S.C. § 1361. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed") (internal quotations and citations omitted).

　　Cruz asserts that he is an immigrant to the United States and is a citizen of Belize. Cruz was sentenced in 2016 for first-degree murder with use of a deadly weapon, two counts of attempted murder with use of a deadly weapon, battery with use of a deadly weapon, four counts

of assault with a deadly weapon, and two counts of discharge of a firearm within a structure or vehicle. *See State of Nevada v. Cruz*, No. C-14-301276-1.[1] Cruz is incarcerated at the Southern Desert Correctional Center. His release date is currently August 19, 2056. In his initiating documents, Cruz essentially seeks an order to compel the United States to initiate and complete deportation or removal proceedings prior to his release date.

A writ of mandamus is a request to the court that the court compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361; *Allied Chemical Corp. v. Deiflon, Inc.*, 449 U.S. 33, 34-36 (1980); *see also Deutsch v. United States*, 943 F.Supp. 276, 279 (W.D.N.Y. 1996) (finding jurisdiction over mandamus claim based on prisoner's request to expedite deportation proceedings). However, mandamus is an extraordinary remedy. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998); *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994); *Stang v. IRS*, 788 F.2d 564, 565 (9th Cir. 1986). Mandamus is only available when (1) the petitioner's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Kildare v. Saenz*, 325 F.3d 1078, 1084-85 (9th Cir. 2003); *Patel*, 134 F.3d at 931; *Barron*, 788 F.2d at 1374. As a general rule, "mandamus may not be used to impinge upon an official's legitimate use of discretion." *Barron*, 788 F.2d at 1376. The only exception exists when "statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised ... have been ignored or violated." *Id.* (internal quotations and citations omitted).

As an initial matter, Cruz requests the court direct an officer and/or employee of the United States to act concerning his removal. Yet Cruz fails to state the name of the individual

---

[1] A court can take judicial notice of matters in the public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that courts may take judicial notice of court filings and other matters of public record); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2022) (courts may take judicial notice of documents on file in federal or state courts). The Court takes judicial notice of *State of Nevada v. Cruz*, No. C-14-301276-1, the docket for which reveals that Cruz was charged with and sentenced for these crimes. Public records issued by the Nevada Department of Corrections also indicate where Cruz is incarcerated and his current release date.

who should be the subject of the mandamus order. Additionally, Cruz has no clear right to the remedy he seeks.

Cruz references 8 U.S.C. § 1228, 8 U.S.C. § 1225, "the new presidential administration executive order," and the Laken Riley Act as the statutory provisions under which he should be deported. But only 8 U.S.C. § 1228 appears to be applicable here.[2] Under 8 U.S.C. § 1228(a)(1),

> The Attorney General shall provide for the availability of special removal proceedings at certain Federal, State, and local correctional facilities for aliens convicted of any criminal offense covered in section 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to the date of their

---

[2] 8 U.S.C. § 1225 governs, in relevant part, "expedited removal of inadmissible *arriving* aliens" 8 U.S.C. § 1225 (emphasis added). Cruz does not allege, and it does not appear, that he is "arriving." Instead, given the fact that his indictment was filed in the Eighth Judicial District Court on October 1, 2014, it appears that Cruz has been in the United States for some time. So, the Court does not analyze his request for mandamus relief under 8 U.S.C. § 1225.

Additionally, the Laken Riley Act requires "the Secretary of Homeland Security to take into custody aliens who have been charged in the United States with theft, and for other purposes." Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3. The provision of the Laken Riley Act addressing detention provides that the Attorney General "shall take into custody any alien who…is inadmissible…and…is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person…*when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. 8 U.S.C. § 1226(c)(1)(E) (emphasis added). Here, Cruz is still serving his sentence and has not been released. And it is not clear if he is "inadmissible" under 8 U.S.C. § 1226(c)(1)(E)(i). So, it is not clear that the Laken Riley Act provides the basis for the deportation he seeks. As a result, the Court does not analyze his request for mandamus relief under the Laken Riley Act.

Finally, Cruz does not identify the executive order he believes provides for the relief he seeks. It appears he may be referencing the January 20, 2025, executive order titled "Protecting the American People Against Invasion." Protecting the American People Against Invasion, Exec. Order No. 14159, 90 Fed. Reg. 8443-48 (Jan. 20, 2025). However, that order does not appear to provide for the expedited, pre-end-of-sentence deportation Cruz seeks. Instead, it refers back to 8 U.S.C. § 1228 by stating that "the Secretary of Homeland Security shall promptly take appropriate action to use all other provisions of the immigration laws or any other Federal law, including, but not limited to sections 238 and 240(d) of the INA (8 U.S.C. 1228 and 1229a(d)) to ensure the efficient and expedited removal of aliens from the United States." *Id.* at 8445. So, the Court does not analyze Cruz's request for mandamus relief under this executive order.

1 | commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

This provision governs crimes like the ones for which Cruz has been convicted. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony); 8 U.S.C. § 1227(C) (using a firearm in violation of any law). But it does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility. 8 U.S.C. § 1228(a)(3)(B) ("[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."); *see Quevedo-Roque v. U.S. Federal Bureau of Prisons*, No. 1:12-cv-0072-AWI-DLB (HC), 2012 WL 3156794, at *2 (E.D. Cal. Aug. 3, 2012) (denying a prisoner's motion for writ of mandamus brought under 8 U.S.C. § 1228 because the statute "does not require the government to institute and conclude removal proceedings prior to the expiration of an alien's sentence in a correctional facility"); *see also Kim Thul Ouk v. U.S. Dept. of Justice Executive for Immigration and Naturalization*, No. civ-09-1062-M, 2010 WL 98944, at *3 (W.D. Okla. 2010) (finding that alien serving criminal sentence has no right to request commencement of deportation or removal proceedings); *Guerra v. United States Department of Homeland Sec.*, No. 06-2344 (AET), 2006 WL 3486017, at *3 (D.N.J. 2006) ("[A] prisoner cannot compel the BICE, by way of habeas or mandamus petition or the Administrative Procedure Act, to initiate removal proceedings while the alien is serving his prison term."); *Payo v. Hayes*, 754 F.Supp. 164, 165-66 (N.D. Cal. 1991) (relying on prior version of statute, 8 U.S.C. § 1252a, and finding it did not require expedited proceedings and the only reference to a time frame states that, "to the extent possible," the proceedings should be completed before the alien's release from incarceration); *Rodney v. Immigration and Naturalization Service*, 462 F.Supp.2d 285, 288 (D. Conn. 2006) (citing 8 U.S.C. § 1228 and explaining that "[p]etitioner has no clear right to deportation prior to the expiration of his term of incarceration, and the INS has no obligation to remove him prior to his release from state custody").

///

Accordingly, Cruz has no clear right to an immediate deportation or removal hearing. So, the Court recommends denying his liberally construed petition for writ of mandamus. The Court further recommends denying Cruz's application to proceed *in forma pauperis* as moot.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Cruz's liberally construed petition for writ of mandamus (ECF No. 1) be **denied** and Cruz's application to proceed *in forma pauperis* (ECF No. 3) be **denied as moot**. The Clerk of Court is kindly directed to send a copy of this recommendation to Cruz.

### ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Carim Cruz objects to the magistrate judge's report and recommendation, but his objection does little more than state the opposite conclusions that the magistrate judge reached. ECF No. 6. He offers no authoritative support for his interpretation of the legal authorities, so he has failed to show that the magistrate judge's thoughtful and reasoned conclusions should not be adopted. Having reviewed the report and recommendation de novo, and considered the petitioner's objections to it, IT IS ORDERED that the objections **[ECF No. 6] are OVERRULED** and the Report and Recommendation **[ECF No. 3] is ADOPTED in full**. IT IS FURTHER ORDERED that Cruz's liberally construed petition for writ of mandamus **[ECF No. 1] is DENIED** and his application to proceed *in forma pauperis* **[ECF No. 3] is DENIED**. The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

DATED: May 29, 2025

_____
U.S. District Judge Jennifer A. Dorsey